IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dominic A. Gallman,<br><br>Petitioner,<br><br>v.<br><br>Kenneth Nelson,<br><br>Respondent. | C/A No. 2:23-cv-5560-SAL<br><br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 16.] The Report recommends the court grant Respondent's motion for summary judgment, ECF No. 11. For the reasons below, the court adopts the Report in full.

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Dominic A. Gallman, a state prisoner, brings this action for federal habeas relief under 28 U.S.C. § 2254. [ECF Nos. 1, 2-1.] In December 2007, a jury found Petitioner guilty of kidnapping, armed robbery, burglary in the first degree, and three counts of murder. *See generally* ECF No. 10. The court sentenced him to 30-years' imprisonment for kidnapping, 30-years' imprisonment for armed robbery, and life without parole for both his burglary and murder charges. [ECF No. 10-14 at 135–36.] The facts of the state court proceedings, further detailed in the Report, are incorporated here by reference.

Petitioner timely appealed to the South Carolina Court of Appeals. *Id.* at 199–200. The South Carolina Court of Appeals affirmed his convictions and sentences. [ECF No. 10-14 at 199–

1

200.] On May 31, 2021, Petitioner filed a Petition for Writ of Certiorari before the South Carolina Supreme Court. [ECF No. 10-15 at 10–35.] His petition was denied on June 7, 2012. *Id.* at 64.

Petitioner then filed an application for post-conviction relief ("PCR") on July 20, 2012, which he twice amended in March of 2018. *Id.* at 66–71; ECF No. 10-16 at 12–16. After conducting an evidentiary hearing, the PCR court denied Petitioner's application by written order on May 29, 2018. [ECF No. 10-17 at 7–59.] Petitioner appealed that denial by filing a writ of certiorari in South Carolina Supreme Court on March 19, 2019. [ECF No. 10-18.] Under South Carolina Appellate Court Rule 243(l), the appeal was transferred to the South Carolina Court of Appeals, which denied Petitioner's request and issued a remitter on November 16, 2022. [ECF No. 10-19.]

Petitioner filed this action on November 2, 2023, claiming he is entitled to habeas relief based on ineffective assistance of trial counsel and newly discovered evidence.[1] Respondent now moves for summary judgment on Petitioner's claims. [ECF Nos. 10–11.] The magistrate judge recommends the court grants that motion, and Petitioner objects to that recommendation. [ECF Nos. 16–17.] This matter is thus fully brief and ripe for review.

## LEGAL STANDARDS

### I.    Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de

---

[1] Respondents concede that Petitioner filed his habeas petition within the applicable one-year statute of limitations. *See* ECF No. 15 at 1; 28 U.S.C. § 2244.

novo only the portions of the Report to which a party has specifically objected. Id. An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. Id. at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II.     Review of a Motion for Summary Judgment

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving she is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether of a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Review of a Petition for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

The magistrate judge finds that summary judgment is warranted because Petitioner fails to show the PCR court erred in (1) determining that Petitioner was not deprived of effective assistance of trial counsel, and (2) denying Petitioner a new trial based on newly discovered evidence.[2] For the following reasons, this court agrees.

---

[2] As the Report noted, the parties do not dispute that Petitioner properly exhausted his claims in state court. *See* ECF No. 16 at 7, n.1. Thus, the magistrate judge's analysis only concerns the merits of Petitioner's grounds for federal habeas relief. *Id.*

4

I.   **Ground One: Ineffective Assistance of Counsel**

Petitioner presents two claims for ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Petitioner must show (1) his trial counsel was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. To satisfy the first prong, Petitioner must prove that counsel "made errors so serious" that his representation "fell below an objective standard of reasonableness[.]" *Id.* at 687–88. As to the second prong, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

On habeas review, a claim for ineffective assistance of counsel—"a deferential analysis in its own right—must be viewed through the deferential lens of Section 2254(d)." *Thompson v. Gansler*, 734 F. App'x 846, 853 (4th Cir. 2018); *see also Harrington*, 562 U.S. at 101 (deeming the standards "doubly" deferential "in tandem"). The question for a federal habeas court "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, while "[s]urmounting *Strickland*'s high bar is never an easy task[,]" proving that "a state's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." The court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

A.  **Joint Trial**

Petitioner first argues the PCR court erred in denying his claim that trial counsel was ineffective in failing to pursue a motion to sever his trial from co-defendants Kenneth Joy and Stanley Oliver. [ECF No. 1 at 46–56.] As the Report notes, much of the trial evidence pertained

to Oliver.  *See* ECF No. 16 at 2.  At trial, the jury heard testimony from various witnesses connecting Petitioner to his co-defendants, including testimony that Oliver confessed "he and another individual" were involved in the alleged crimes.  *Id.* at 2–3 (citing ECF No. 10-8 at 168–73).  Petitioner argues that, despite the state's attempt to redact his identity, the jury could infer that he was the "other individual" referenced.  And, because Oliver was a non-testifying co-defendant, Petitioner contends he could not adequately cross-examine Oliver.  [ECF No. 1 at 48–54 (citing *Crawford v. Washington*, 541 U.S. 36 (2004); *Bruton v. United States*, 391 U.S. 123 (1968).]  Petitioner argues he was prejudiced by his counsel's failure to pursue a severance motion, claiming that "little evidence" would have been admissible against only him.  [ECF No. 14 at 5.]

The court agrees with the Report that the PCR court articulated a "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.  In denying Petitioner's application, the PCR court first determined that trial counsel was not deficient in failing to pursue a severance motion.  [ECF No. 10-16 at 326.]  That court noted that, under the *Strickland* standard, "[t]here is a strong presumption that counsel's decisions are based on tactical strategy rather than neglect." *Id.* at 327 (citing *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)).  It also provided that "where counsel articulates a valid reason for employing [a] strategy, such conduct is not ineffective assistance of counsel." *Id.* (quoting *Whitehead v. State*, 417 S.E.2d 529, 531 (S.C. 1992)); *see also Goodson v. United States*, 564 F.2d 1071 (4th Cir. 1977).

Applying this standard, the PCR court found that Petitioner's trial counsel espoused several valid reasons at the evidentiary hearing for not pursuing a severance motion.  [ECF No. 10-16 at 326–28.]  Counsel first testified that, in a joint trial, the jury would see that the physical proof primarily pertained to Petitioner's co-defendants, thereby highlighting the lack of evidence against him.  *Id.* at 327.  Trial counsel further reasoned that a joint trial would remove the prosecution's

focus from Petitioner, forcing the state to redirect resources and attention to his co-defendants. *Id.* at 327–28. Counsel lastly testified that a joint trial would enable him to collaborate with co-defendants' attorneys, enabling them to share evidence and trial strategy. *Id.* at 328. The PCR court concluded that, based on this testimony, trial counsel's performance was reasonable under the circumstances and Petitioner "wholly failed to establish any deficiency." *Id.*

The PCR court next determined that Petitioner had not shown trial counsel's performance prejudiced his defense, and, thus, he did not satisfy the second prong of the *Strickland* standard. *Id.* It crucially noted that Petitioner's ex-fiancé, Leticia Jones, testified that he directly confessed to her that he was involved in the robbery and had shot one of the three victims. The PCR court reasoned Jones' testimony was critical to Petitioner's conviction, explaining that "although the statements made by Oliver . . . would not be admissible in a trial against [Petitioner] alone, Leticia Jones still would have been able to testify in a trial against [Petitioner as to his] tearful confession to her." *Id.* at 328. The PCR court thus determined Petitioner had not shown the outcome of his trial would have been different had his counsel pursued a severance motion.

The court agrees with the magistrate judge that the PCR court aptly considered Petitioner's claim, provided an accurate summary of counsel's testimony at the evidentiary hearing, and reasonably applied the law to the facts of Petitioner's case. *See* ECF No. 16 at 12. It further agrees that Petitioner does not offer any compelling arguments that the PCR court's decision was based on an unreasonable determination of the facts or a misapplication of clearly established federal law as determined by the Supreme Court. *See* ECF Nos. 14 at 4–7; 16 at 13. Because there is no genuine issue of material fact as to this claim, Respondent is entitled to summary judgment.

### B. Summary of Phone Records

Petitioner next argues the PCR court erred in finding that counsel did not violate *Strickland* by failing to object to a summary of phone records submitted at trial. [ECF No. 1 at 56–62.] Throughout the trial, the prosecution introduced various phone records tied to various witnesses and defendants. Toward the close of evidence, the state moved to introduce a summary of the admitted records. Petitioner's counsel objected to the summary, stating he had not fully verified the document's accuracy and had found several errors in briefly reviewing it. *See* ECF No. 10-11 at 26. Counsel further objected to a certain phone number being attributed to Petitioner in the summary. *Id.* at 23–27. Petitioner contends his trial counsel was ineffective in failing to object to the document further, particularly to its accuracy. Because of this alleged deficiency, Petitioner argues the admitted summary provided a link between him and co-defendant Oliver, thereby adding evidence to the "scant" case against him. [ECF No. 14 at 7.]

The court again agrees with the Report that the PCR court articulated a "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105; *see also* ECF No. 16 at 16–18. As with Petitioner's first claim for ineffective assistance of counsel, the PCR aptly considered the reasonableness of counsel's conduct under the circumstances. [ECF No. 10-16 at 343.] The PCR court noted that, at trial, counsel objected "extensively" to the introduction of the summary "on grounds of attributing a specific number to [Petitioner], receiving the summary at the trial itself, and containing inaccuracies." *Id.* (citing ECF No. 10-11 at 23, 25, 31, 45). It further considered that, in response to counsel's objections, the state removed certain portions and agreed to redact Petitioner's name. The PCR court thus concluded that "[b]ecause Counsel did, in fact, object" and was successful in excluding information identifying Petitioner, trial counsel was not deficient. *Id.*

The PCR court also found that Petitioner failed to show any resulting prejudice from the alleged deficiency. *Id.* at 343–44. It noted the summary consisted of records already admitted into evidence as business records under South Carolina Rule of Evidence 803(6).[3] The PCR court further determined the summary was admissible under South Carolina Rule of Evidence 1006, which allows the contents of voluminous records to be presented in summarized form. It thus found that further objections from counsel would have likely failed and accordingly dismissed Petitioner's *Strickland* claim.

Petitioner does not demonstrate that this analysis was an unreasonable application of *Strickland*. He argues the PCR court "seemingly ignored the immense prejudice from Counsel's deficient performance." ECF No. 1 at 61; *see also* ECF No. 14 at 7. However, the PCR court—in addition to finding that further objections would likely be futile because the document was admissible—concluded the summary did not "implicate[]" Petitioner in the crimes. *See* ECF No. 10-16 at 342. To this end, it cited counsel's testimony in the evidentiary hearing that the phone records "merely showed calls were made around the time" of the crimes without indicating who placed the calls. [ECF No. 10-16 at 342.] Petitioner does not rebut these conclusions, or otherwise show that they are "contrary to, or [are] an unreasonable application of, clearly established federal law, or [were] based on an unreasonable determination of the facts." § 2254(d)(1). The court thus agrees with the Report that Respondents are entitled to summary judgment on this claim.

---

[3] The rule requires that, for each record offered, a custodian provide testimony that the record was kept in the ordinary course of business. *See* SCRE 803(6). The PCR court acknowledged that a custodian provided testimony for each business record entered in the summary. *See* ECF No. 10-16 at 343.

### C. Objections to the Report

Petitioner objects to Report's findings as to both his ineffective assistance of counsel claims. *See* ECF No. 17 at 3. He asserts the magistrate judge "affords too much deference." *Id.* Petitioner further states that trial counsel's deficiencies "are clear and fall below the constitutional floor of assistance guaranteed to each defendant" and "he was extremely prejudiced." *Id.* The court rejects these arguments.

In the Report, the magistrate judge properly stated and applied the "doubly deferential" standard used when reviewing a *Strickland* claim on federal habeas review. *See* ECF No. 16 at 9 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Under that standard, the question for a federal habeas court, again, "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, Petitioner's conclusory assertions that trial counsel's actions were not reasonable fail. His objections as to Ground One are overruled.

## II.     Ground Two: After-Discovered Evidence

Petitioner also contends the PCR court erred in denying him a trial based on after-discovered evidence. [ECF No. 1 at 62–66.] At Petitioner's PCR hearing, Oliver testified to having committed the crimes by himself. *See* ECF No. 10-16 at 26–35. Oliver stated that Petitioner lacked any firsthand knowledge of the crimes, *id.* at 27, and "had nothing to do with the crime[s]," *id.* at 30. In denying Petitioner a new trial, the PCR court noted that South Carolina law requires a litigant seeking a new trial to show, among other things, that the after-discovered evidence would likely change the result of a new trial. *See* ECF No. 10-16 at 349 (citing *Johnson v. Catoe*, 548 S.E.2d 587 (S.C. 2001)). It determined Petitioner did not meet this requirement and

10

that Oliver's testimony was not credible. *Id.* at 350–51. Petitioner contends the PCR court unreasonably denied his request.

The Report first finds that Petitioner's after-discovered evidence claim can be construed as "standalone claim of actual innocence." [ECF No. 16 at 21.] Citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993), it concludes that such claims are not cognizable on federal habeas relief. There, the Supreme Court stated that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state proceeding." *Herrera*, 506 U.S. at 400. The Report accordingly recommends dismissal.

Petitioner objects to the threshold issue of cognizability. Citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013), he notes the Supreme Court has clarified that it "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." 569 U.S. at 392; *see also Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009) ("Whether such a federal right exists is an open question."). Indeed, in *Herrera*, the Supreme Court assumed without deciding that an actual innocence claim could be cognizable on federal habeas review, while noting "the threshold showing for such an assumed right would necessarily be extraordinarily high." 506 U.S. at 417; *see also United States v. MacDonald*, 911 F.3d 723, 798 (4th Cir. 2018) ("[T]he Supreme Court has never 'come across any prisoner who could make the . . . showing[.]'"). Thus, if construed as a freestanding actual innocence claim, Petitioner's claim would not be foreclosed by virtue of that alone.

That said, the court also sees the claim in this case as distinguishable from the type of claims generally presented as freestanding actual innocence claims in habeas cases. This is not a claim where the newly discovered evidence has never been presented to a court. Instead, as

11

Petitioner notes in his objections, his newly discovered evidence claim is a preserved claim, properly exhausted in state court. *See* ECF No. 17 at 4. The court thus finds that Petitioner's second ground for relief is a "claim that was adjudicated on the merits in State court proceedings," subject to the standard of review provided in § 2254(d). As the Report explains, however, Petitioner's claim should be dismissed. *See* ECF No. 16 at 21–23. Petitioner's objection therefore does not disturb the Report's finding that his claim nonetheless fails on the merits.

To begin,[4] Petitioner does not show the PCR court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." § 2254(d)(2). The PCR considered that Oliver's testimony at the evidentiary hearing was not consistent with his prior statements. *See* ECF No. 10-16 at 351. At sentencing, for instance, Oliver assured the trial court that he was not involved in the crimes. *Id.* At the PCR hearing, Oliver also testified that—had he testified at trial—he would have provided "some truths and some false" statements and "for sure" would not have confessed. [ECF No. 10-16 at 31–32.] Oliver also acknowledged that he had not ever admitted to committing the crimes, prior to the PCR hearing. Based on these facts, the PCR court concluded Oliver's testimony was not credible. This court cannot say the PCR court's conclusion was unreasonable in light of the evidence before that court. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas

---

[4] Notably, the Report makes alternative findings—first, that if construed as an actual innocence claim, Ground Two is not cognizable, and, second, even if construed differently, Ground Two should be dismissed because Petitioner has not met his burden under § 2254. [ECF No. 16 at 21–23.] Because Petitioner's objections only concern cognizability, the court need only review the Report's findings on the merits of Ground Two for clear error. After a thorough review of the Report, applicable law, and record of this case, the court finds none. As discussed, even under a de novo review, the court agrees that summary judgment is appropriate.

courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

Petitioner also fails to prove the PCR court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Petitioner faults the PCR court for "refus[ing] to actually examine the impact of [Oliver's] statement . . . or consider it under the standards of" *Jackson v. Virginia*, 443 U.S. 307 (1979) and *In re Winship*, 397 U.S. 358 (1970). [ECF No. 1 at 65–66.] The PCR court, however, had no reason to conduct such an analysis since it found Oliver's testimony not credible. Further, the Supreme Court has expressly stated that "*Jackson* does not extend to nonrecord evidence, including newly discovered evidence." *Herrera*, 506 U.S. at 402. Thus, even if the PCR court found Oliver's testimony credible, the standard Petitioner claims the PCR court should have applied is not the applicable standard for this type of claim.[5] For these reasons, Petitioner failed to demonstrate the PCR court's denial of his newly discovered evidence claim was contrary to, or a result of, the unreasonable application of clearly established federal law.

The court thus agrees with the Report that Petitioner's second ground for habeas relief fails as a matter of law. Respondent is accordingly entitled to summary judgment as to this claim.

---

[5] The *Jackson* standard applies to directed verdict claims. Further, "*Jackson* requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam). Here, the PCR court noted "there was evidence at trial presented specifically against Applicant from which the jury convicted Applicant." [ECF No. 10-16 at 351.]

## CONCLUSION

For the above reasons, the Report, ECF No. 16, is adopted and incorporated herein. Respondent's motion for summary judgment, ECF No. 11, is **GRANTED**, and a certificate of appealability is **DENIED**.[6]

**IT IS SO ORDERED.**

August 14, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."